IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SOCORRO TREJO

      Plaintiff,

vs.                                         Case No. 1:15-cv-704

SAFEWAY INSURANCE GROUP;
SAFEWAY INSURANCE COMPANY;
ELIZABETH GEORGE;
CRAIG MARTIN;
DALE BRO, individual and d/b/a THE
INSURANCE STORE; and
JOHN DOE Adjusters and Agents;

      Defendants.

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) (DIVERSITY)**

      COMES NOW the Defendants, Safeway Insurance Group (a trade name and not a legal entity), Safeway Insurance Company, Elizabeth George, and Craig Martin, ("Defendants"), by and through their attorneys of record, Butt Thornton & Baehr PC (James H. Johansen and Felicia C. Boyd) and hereby removes this lawsuit to the United States District Court for the District of New Mexico, and as grounds therefore state as follows:

**I.  Background and Procedural Prerequisites for Removal**

      1.     Plaintiff Socorro Trejo commenced this action in the Second Judicial District Court, County of Bernalillo, State of New Mexico, Civil Action No. D-202-CV-2015-05173, by filing of a "Complaint for Personal Injury & To Recover Damages for Breach of Contract; Insurance Company Bad Faith; Unfair Insurance Practices Act (UIPA); Violation of Unfair

1

Business & Trade Act; Intentional Infliction of Emotional Distress; Fraud; Negligent Misrepresentation; and Unreasonable Delay.  Copies of all pleadings filed in that action are attached hereto as Exhibit A in accordance with 28 U.S.C. §1446(a) and D.N.M.LR-Civ. 81.1(a).

2. Defendants Elizabeth George and Craig Martin were mailed a copy of the Complaint via certified mail on July 16, 2015.  *See* Return of Service, Ex. A. Defendant Safeway Insurance Company was served on through Department of Insurance on July 22, 2015.  Id. This Notice of Removal is filed in this Court within 30 days of service of the initial pleading in the case on these Defendants and within one year of commencement of this action.  *See* 28 U.S.C. §§1446 (b)(2)(B); (c).

3. The consent of Defendant Dale Bro, individual and d/b/a The Insurance Store (hereinafter collectively referred to as "Bro") has not been sought, nor is it required under 28 U.S.C. §1446(b)(2)(A) because as of the filing of this Notice of Removal, Defendant Bro is not properly joined  given the fraudulent joinder described below.

4. The state court in which this action was commenced is within this Court's district. Venue is therefore proper under 28 U.S.C. §§ 111 and 1441(a).

**II. This Court Has Diversity Jurisdiction Over This Action**

5. This action is properly removable to federal court pursuant to 28 U.S.C. § 1441(a) because it is a civil action over which this Court has original jurisdiction under 28 U.S.C. §1332. There is complete diversity of citizenship between all properly joined parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  *See* Bleus Letter, Exhibit B.

**A. The Proper Parties to this Action are Citizens of Different States**

6. According to Plaintiff's Complaint, Plaintiff is a resident of New Mexico. *See* Compl. at ¶1, Ex. A. Plaintiff is therefore a citizen of New Mexico.

7. Defendants are not citizens of New Mexico. Defendant Safeway Insurance Company is a foreign corporation, incorporated and with its principle place of business in the State of Illinois, and is a citizen of the State of Illinois for purposes of diversity of citizenship under 28 U.S.C § 1332. *See Trejo v. Safeway Insurance Group, et. al.*, No. 14-CV-913 GBW/SCY, Order of March 27, 2015 [Doc. 36], at pp. 2 and 13, attached hereto as Exhibit C.

8. Defendants Elizabeth George and Craig Martin are citizens and residents of the State of Arizona for purposes of diversity of citizenship under 28 U.S.C § 1332. Ex. C;

9. "John Doe" defendants are to be disregarded for diversity purposes, pursuant to 28 U.S.C. § 1441(b).

10. According to Plaintiff's Complaint, Defendant Bro is a citizen of New Mexico. Ex. A., Compl. at ¶5.

11. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). Removal of this action is proper pursuant to 28 U.S.C. §1441(a), absent Plaintiff's fraudulent joinder of Defendant Bro. This is a civil action between citizens of different states, absent Plaintiff's fraudulent joinder of Defendant Bro. For purposes of federal diversity jurisdiction, the parties have the citizenships set forth above. Plaintiff, therefore, has alleged information in her Complaint that would indicate there is no diversity of citizenship because Plaintiff and Defendant Bro are citizens of the State of New Mexico. Absent Defendant Bro, complete

diversity would exist in this action under Plaintiff's allegations. However, Defendant Bro is not a proper defendant to this action because he is a fraudulently joined defendant, for reasons set forth more fully herein.

12. This case is removable, absent Plaintiff's fraudulent joinder of Defendant Bro, because it is an action between "citizens of different States." 28 U.S.C. §1332(a)(1). Moreover, "none of the parties in interest *properly* joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. §1441(b) (emphasis added). Plaintiff is a citizen of New Mexico, and no defendant is a citizen of New Mexico aside from Defendant Bro, who is not a party properly joined.

13. Plaintiff's joinder of Defendant Bro is an improper attempt to defeat diversity jurisdiction. In *Trejo v. Safeway Insurance Group, et. al.*, No. 14-CV-913 GBW/SCY, the United States District Court, District of New Mexico retains exclusive jurisdiction over the controversy. The Court has determined that Defendant Bro is not an indispensable party to the case, and has denied joinder of Defendant Bro. Ex. C. As a consequence, the citizenship of Defendant Bro should be disregarded by this Court in determining the existence of diversity.

14. In *Trejo v. Safeway Insurance Group, et. al*, Case No. D-202-CV-2014-05845, filed on September 10, 2014, (hereinafter referred to as the "Trejo No. 1") Plaintiff filed a complaint in state court, alleging unfair claim practices, unfair trade practice, negligence, negligence *per se*, breach of contract, and a request for a temporary restraining order. *See*, Ex. C, pp. 1-2. Safeway successfully removed the case to federal court, on diversity grounds, on October 9, 2014. Ex. C, at p. 2.

15. In an attempt to destroy diversity jurisdiction and remand the case to state court, on November 14, 2014 Plaintiff moved to amend her complaint to add a negligence claim against her local insurance agent, Defendant Dale Bro. Id.

16. On March 27, 2015, Judge Wormuth denied Plaintiff's request to amend and determined that Defendant Bro was not an indispensable party to the case. The Court noted that "[n]one of Plaintiff's speculative arguments establish that Bro's absence would prevent Plaintiff from obtaining relief from the existing Defendants to the extent they are liable." Id., p. 8.

17. The Court also did not permit joinder of Defendant Bro, finding that the "proposed amendment [was] primarily brought for its impact on diversity jurisdiction and should be denied". Id., pp. 5-10. The Court reasoned, "[i]t is undisputed that Plaintiff's claim against Dale Bro existed at the time she filed her complaint in state court. She points to no newly discovered evidence or law that would explain his omission in her original complaint. She even fails to 'suggest[] anything that might tend to establish excusable neglect in not including the defendant earlier.'" Id., p. 10, citing to *Altizer v. Kia Motors Am., Inc.*, No. 14-459-HE, 2014 WL 3587806, at *2 (W.D. Okla. July 21, 2014).

18. In an attempt to circumvent and defy Judge Wormuth's Order, Plaintiff then filed the instant action in state court. Plaintiff alleges the same claims against the Defendants and also attempts to join Defendant Bro. Upon the filing of the present lawsuit, Plaintiff and her counsel now have concurrent cases against the Safeway Defendants that involve the same subject matter-Plaintiff's underinsured/uninsured motorist claim relating to an automobile accident that occurred on or about February 13, 2012.

19. A defendant may remove a case to federal court based upon diversity jurisdiction in the absence of complete diversity if a plaintiff joins a nondiverse party fraudulently joined to defeat federal jurisdiction. *See Am. Nat'l Bank & Trust Co. v. Bic Corp.*, 931 F.2d 1411, 1412 (10th cir. 1991); *Hernandez v. Melo Logistics, Inc.*, No. CIV 12-0907 JB/WPL, 2013 WL 593441, at 14-17 (D.N.M. Sept. 30, 2013)(Browning, J.). A defendant may remove on the basis of fraudulent joinder either while the non-diverse party is still joined or after it is dismissed from the case.

20. "[A] fraudulent joinder analysis [is] a jurisdictional inquiry," *Bio-Tec Envtl., LLC v. Adams*, 792 F. Supp. 2d at 1214 [quoting *Albert v. Smith's Food & Drug Ctrs., Inc.*, 356 F.3d 1242, 1247 (10th Cir. 2004)]. "A district court may disregard a nondiverse party named in the state court complaint and retain jurisdiction if joinder of the nondiverse party is a sham or fraudulent." *Baeza v. Tibbetts*, No. CIV 06-0407 MV/WPL, 2006 WL 2863486, at *3 (D.N.M. July 7, 2006)(Vazquez, J.).

21. "To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Ullman v. Safeway Ins. Co.*, 995 F. Supp. 2d 1196, 1246 (D.N.M. 2013); *See also McDaniel v. Loya*, 304 F.R.D. 617, 630 (D.N.M. 2015), citing to *Cf. Zufelt v. Isuzu Motors Am., LLC*, 727 F.Supp. 2d at 1124-25.

22. A plaintiff colluding with a nondiverse defendant to defeat removal suffices to establish fraudulent joinder but is not required. *McDaniel v. Loya*, 304 F.R.D. 617, 627 (D.N.M. 2015)(Browning, J.), citing to *McLeod v. Cities Serv. Gas Co.*, 233 F.2d 242, 246 (10th Cir. 1956).

23. Diversity is determined at the point of filing or removal, and is based upon the existence of actual claims—not merely the potential for them. *McDaniel*, 304 F.R.D. at 637-38. "[T]he joinder of a resident defendant against whom no cause of action is pled, or against whom there is in fact no cause of action, will not defeat removal." *Id.*

24. In this case, there can be no secondary cause of action in state court against Defendant Bro or the Safeway Defendants because the federal court in Trejo No. 1 retains exclusive jurisdiction over the entire matter pending. *National Steam-Ship Co. v. Tugman*, 106 U.S. 118, 1 S.Ct. 58, 27 L.Ed. 87 (1882)(removal of a case from state court to federal court ends the power of the state court to act); *Lowe v. Jacobs*, 243 F.2d 432, 433 (5th Cir. 1957), cert. denied, 355 U.S. 842, 78 S.Ct. 65, 2 L.Ed.2d 52 (1957)(the jurisdiction of the state court is not restored unless and until the federal court remands the case).  The federal court has already determined that Defendant Bro is not an indispensable party to the controversy and denied joinder of Defendant Bro.  Exhibit C.

25. Once a removal petition is filed and proper notice is given to adverse parties in state court, the federal district court has exclusive jurisdiction over the case. *See* 28 U.S.C. § 1446(d) (after removal "the State court shall proceed no further unless and until the case is remanded."); *Vigil v. Mora Indep. Sch.*, 841 F. Supp. 2d 1238, 1240-41 (D.N.M. 2012)( "[A]fter removal, the jurisdiction of the state court absolutely ceases and the state court has a duty not to proceed any further in the case."), citing to *Maseda v. Honda Motor Co., Ltd.*, 861 F.2d 1248, 1254 (11th Cir.1988).

26. "Moreover, the party who removed the case is not obligated to appear in state court and litigate the suit on the merits if the state court exercises jurisdiction in defiance of the removal." *Vigil*, 841 F. Supp. 2d at 1241, citing to *Maseda,* 861 F.2d at 1255 n. 12.

27. Any subsequent proceedings in state court on the case are *void ab initio*, and federal courts thus have the power to enjoin state courts from proceeding in a removed case. *Vigil*, 841 F. Supp. 2d at 1240-41 (enjoining a magistrate court in Mora County from proceeding any further in matters pertaining to removed case); *see also Kern v. Huidekoper*, 103 U.S. 485, 491, 26 L.Ed. 354 (1880)(indicating that any orders entered post-removal by a court from which a case has been removed are *coram non judice* and may be vacated by the district court); *Fox Valley AMC/Jeep, Inc. v. AM Credit Corp*., 836 F.2d 366, 367 (7th Cir.1988)(stating that any motion presented to the state court, made after removal to a federal district court, comes too late because the state court has lost its jurisdiction).

28. Consequently, the second complaint that Plaintiff filed state court against Safeway is a nullity and cannot proceed against the Defendants. *See e.g*. *Vigil*, 841 F. Supp. 2d at 1241-42 (quashing Mora County magistrate court's notice of jury trial and enjoining further action by that court); *Maseda*, 861 F.2d at 1254-55 (declaring state court judgment a nullity in light of prior removal); *Adair Pipeline Co. v. Pipeliners Local Union No. 798*, 325 F.2d 206 (5th Cir.1963)(injunctions issued by the state court after removal were void); *Kern v. Huidekoper*, 103 U.S. 485, 491, 26 L.Ed. 354 (1880)(held that any further proceedings in the state court after removal were erroneous and must be vacated); *Fox Valley AMC/Jeep, Inc. v. AM Credit Corp*., 836 F.2d 366, 367 (7th Cir.1988)(motions presented to the state court after removal to a federal district court came too late because the state court had lost its jurisdiction); *National Steam-Ship*

*Co.,* 106 U.S. at 122, 1 S.Ct. at 60 ("Every order thereafter made in that court was *coram non judice*, unless its jurisdiction was actually restored."); *Hyde Park Partners, L.P. v. Connolly*, 839 F.2d 837, 841-42 (1st Cir.1988)(hearing and temporary restraining order issued by state court after removal were *void ab initio*); *Bean v. Clark*, 226 Miss. 892, 85 So.2d 588 (1956)(held that default judgment entered against defendant after removal and prior to remand could not stand); *Adolfson & Peterson, Inc. v. Saint Catherine Senior Living Ctr., LLC*, No. CIV.A.07CV00184LTBPA, 2007 WL 1832089, at *1 (D. Colo. June 25, 2007)(plaintiff's efforts to enforce its default judgment against defendant in state district court was invalid because removal of action "immediately divested the state court of jurisdiction").

29. Additionally, once a court issues an order, the collateral bar doctrine prevents the loser from migrating to another tribunal in search of a decision he likes better. *Homola v. McNamara*, 59 F.3d 647, 651 (7th Cir. 1995), citing to, *Celotex Corp. v. Edwards,* 514 U.S. 300, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1955). Under the collateral bar rule, a court order, issued by a court with subject matter and personal jurisdiction, must be obeyed until it is reversed, amended or vacated. *Purpura v. Purpura*, 1993-NMCA-001, 115 N.M. 80, 84-85, 847 P.2d 314, 318-19 citing to *United States v. United Mine Workers of America*, 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884 (1947).

30. The collateral bar rule stands today. *See Griffin v. Bryant*, 30 F. Supp. 3d 1139, 1152 (D.N.M. 2014)(Browning, J.). As long as an order is issued pursuant to proper procedure and is not "transparently invalid or ha[ving] only a frivolous pretense to validity," it must be obeyed and challenged directly, not defied. *Id*. Contempt of court trials are not appropriate vehicles to challenge the statutes that underlie the violated court orders. *Id*.  Thus, a litigant does

not have the right to simply ignore a court's ruling; in effect, to become his own judge and jury. *State v. Bailey*, 1994-NMCA-107, 118 N.M. 466, 469, 882 P.2d 57, 60. "The method of correcting error is by appeal, and not by disobedience." *Id.*, citing to *State v. Patten*, 41 N.M. 395, 402, 69 P.2d 931, 935 (1937).

31.     It is evident that Plaintiff brought this duplicative suit in an attempt to defy and circumvent Judge Wormuth's March 27, 2015 Order. *See e.g., Welk v. GMAC Mortgage*, LLC, 850 F. Supp. 2d 976, 981 (D. Minn. 2012)(finding fraudulent joinder and noted that after remand was denied, the plaintiff's counsel would typically "remand" cases himself by voluntarily dismissing them and refiling in state court). Plaintiff essentially performed a self-remand of her claims when she filed this duplicative suit in state court and by joining Defendant Bro in direct defiance of Judge Wormuth's Order.

32.     Plaintiff was obligated to abide by the Court's ruling, not disobey it. Plaintiff's secondary complaint constitutes a collateral attack on Judge Wormuth's ruling, and thus cannot stand. *See Celotex Corp. v. Edwards*, 514 U.S. 300, 115 S. Ct. 1493, 131 L. Ed. 2d 403 (1995)(judgment creditors were required to obey bankruptcy court injunction until it was modified or reversed, even if they had proper grounds to object to injunction, and they could not collaterally attack injunction on motion to execute).

33.     Plaintiff cannot maintain this action in state court because the United States District Court, District of New Mexico, retains exclusive jurisdiction over the matters in controversy. Plaintiff fraudulently joined Defendant Bro in direct defiance of Judge Wormuth's Order, in violation of 28 U.S.C. § 1446(d), and in contravention of common law.

34. The principle of priority jurisdiction also precludes the claims asserted against Defendants in this case. The doctrine of priority jurisdiction is that when two suits between the same parties over the same controversy are brought in separate courts, the court which first acquired jurisdiction retains jurisdiction over the whole controversy to the exclusion or abatement of the second suit. *Cruz v. FTS Constr. Inc.*, 2006-NMCA-109, 140 N.M. 284, 287, 142 P.3d 365, 368 (internal quotation marks and citation omitted). The doctrine exists in various forms in other jurisdictions, although sometimes it has different names. *Id*.

35. In New Mexico, the elements of priority jurisdiction are: (i) the two suits must involve the same subject matter or the same cause of action; (ii) the two suits must involve the same parties; (iii) the first suit must have been filed in a court of competent jurisdiction in the same state, and (iv) the rights of the parties must be capable of adjudication in the first-filed action. *Cruz*, 2006-NMCA-109, ¶ 13, 142 P.3d 365, 368.

36. The doctrine of priority jurisdiction has been employed in New Mexico for purposes of determining the priority between courts of concurrent jurisdiction. For example, in *Cruz v. FTS Construction, Inc*., the plaintiff filed a *pro-se* complaint in magistrate court and prevailed. *Cruz,* 2006-NMCA-109. ¶ 2, 142 P.3d at 366. The defendants appealed to the district court. *See id*. While the appeal was still pending, the plaintiff filed a separate action in the district court. *See id*. ¶¶ 2, 3, 142 P.3d at 366.

37. The Court of Appeals of New Mexico found that the first factor of priority jurisdiction was satisfied, because the two suits arose out of the same transaction — the defendants' alleged faulty building of a house. *See id*. ¶ 14, 142 P.3d at 368. The second factor was satisfied because the defendants, whom the plaintiff added in the second suit, were in privity

with the original defendant, because the plaintiff alleged that the original defendant was liable for their acts. *See id*. ¶ 18, 142 P.3d at 369-70.

38.     The Court of Appeals also rejected the plaintiff's argument that the magistrate court was not of competent jurisdiction because it had a jurisdictional limit. *See id*. ¶¶ 19-25, 142 P.3d at 370-71 ["Accordingly, Plaintiff cannot now avoid the effects of the previous litigation (which was brought in the forum of Plaintiff's choice and resulted in a judgment in her favor) by claiming that the magistrate court has been ousted of subject matter jurisdiction due to her current claim that her damages exceed that court's jurisdictional limit"].

39.     Finally, the final element was satisfied despite plaintiff's argument that she could not be made whole as a result of the jurisdictional limits on the magistrate court's jurisdiction in the first suit. *See id*. 126, at 371-72. Having determined that all the elements of priority jurisdiction were satisfied, the New Mexico Court of Appeals held that the district court did not err in dismissing the complaint under that doctrine. *Id*., 126, at 374.

40.     There are other cases in New Mexico and in other jurisdictions where the doctrine has been recognized to preclude a second suit involving similar parties and claims arising out of the same subject matter. *See e.g*., *Historical Society of N.M. v. Montoya*, 74 N.M. 285, 291, 393 P.2d 21, 25 (1964)(explaining that "the court first obtaining jurisdiction of a subject matter retains it, as against a court of concurrent jurisdiction."); *Ortiz v. Gonzales*, 64 N.M. 445, 450, 329 P.2d 1027, 1031 (1958)(same); *Malcomb v. Smith*, 54 N.M. 203, 209, 218 P.3d 1031, 1035 (1950)(same); *State v. Sweat*, 78 N.M. 512, 513, 433 P.2d 229, 230 (Ct.App.1967)(noting that, "as between courts of concurrent jurisdiction, the court first acquiring jurisdiction of a subject matter retains it to the end...."); *Valdez v. Ballenger*, 91 N.M. 785, 786, 581 P.2d 1280, 1281

(1978)(Generally, a second suit based on the same cause of action as a suit already on file will be abated); *Childs v. Ortiz,* 223 Fed.Appx. 804 (10th Cir. 2007)(affirming dismissal of complaint that alleged the same claims against same defendant in a separate pending action); *Cotton v. Garfield County Jail*, 2014 WL 7404120 (W.D.Okla.,2014)(dismissed 42 U.S.C. § 1983 claim as duplicative of other actions pending before the court naming the same defendants and raising similar, if not identical, issues); *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir.1993) ("[G]enerally, a suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions.")(internal quotation marks and citations omitted); *Joy Technologies Inc. v. N. Am. Rebuild Co.*, No. CIV.A. 12-0144, 2012 WL 1802023, at *8 (W.D. Pa. May 15, 2012)("The harm of an inconsistent, duplicative second lawsuit filed in bad faith can only be avoided by dismissal, with prejudice, of that second action.").

41.     In the present case, the allegations against Defendants are virtually identical to the allegations and claims in the pending federal court action involving the parties. Both lawsuits involve the same subject matter- Plaintiff's underinsured/uninsured motorist claim relating to an accident that occurred on or about February 13, 2012.

42.     Plaintiff's attempt to include Defendant Bro in this case will not defeat removal under this doctrine. Plaintiff claims that Defendants acted collectively with Defendant Bro, authorized and ratified his conduct, and are otherwise responsible for his alleged acts and/or omissions. *See e.g.*, Compl., Ex. A, ¶¶7-8; ¶10; ¶74, ¶110, ¶113, ¶132, ¶168. Thus, privity exists under the allegations alleged. *Am. Nat. Prop. & Cas. Co. v. Wood*, No. CIV 07-1048 JB/RHS, 2008 WL 2229742, at *11 (D.N.M. Mar. 21, 2008) on reconsideration in part, No. CIV.07-1048 JB/RHS, 2009 WL 1299797 (D.N.M. Jan. 29, 2009) (New Mexico courts have recognized that

(1978)(Generally, a second suit based on the same cause of action as a suit already on file will be abated); *Childs v. Ortiz,* 223 Fed.Appx. 804 (10th Cir. 2007)(affirming dismissal of complaint that alleged the same claims against same defendant in a separate pending action); *Cotton v. Garfield County Jail*, 2014 WL 7404120 (W.D.Okla.,2014)(dismissed 42 U.S.C. § 1983 claim as duplicative of other actions pending before the court naming the same defendants and raising similar, if not identical, issues); *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir.1993) ("[G]enerally, a suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions.")(internal quotation marks and citations omitted); *Joy Technologies Inc. v. N. Am. Rebuild Co.*, No. CIV.A. 12-0144, 2012 WL 1802023, at *8 (W.D. Pa. May 15, 2012)("The harm of an inconsistent, duplicative second lawsuit filed in bad faith can only be avoided by dismissal, with prejudice, of that second action.").

41.     In the present case, the allegations against Defendants are virtually identical to the allegations and claims in the pending federal court action involving the parties. Both lawsuits involve the same subject matter- Plaintiff's underinsured/uninsured motorist claim relating to an accident that occurred on or about February 13, 2012.

42.     Plaintiff's attempt to include Defendant Bro in this case will not defeat removal under this doctrine. Plaintiff claims that Defendants acted collectively with Defendant Bro, authorized and ratified his conduct, and are otherwise responsible for his alleged acts and/or omissions. *See e.g.*, Compl., Ex. A, ¶¶7-8; ¶10; ¶74, ¶110, ¶113, ¶132, ¶168. Thus, privity exists under the allegations alleged. *Am. Nat. Prop. & Cas. Co. v. Wood*, No. CIV 07-1048 JB/RHS, 2008 WL 2229742, at *11 (D.N.M. Mar. 21, 2008) on reconsideration in part, No. CIV.07-1048 JB/RHS, 2009 WL 1299797 (D.N.M. Jan. 29, 2009) (New Mexico courts have recognized that

parties may be treated as the "same" under the doctrine of priority jurisdiction under allegations of privity).

43. The federal court in Trejo No. 1 is of competent jurisdiction to hear the matter and there is no reason why Plaintiff cannot be made whole that court. The federal court retains both exclusive and priority jurisdiction over the matters at issue herein.

44. The rule against claim-splitting also prohibits Plaintiff from filing duplicative complaints in an effort to circumvent prior rulings. *Catlin v. Salt Lake City Sch. Dist.*, No. 2:09-CV-777 TS, 2011 WL 939349, at *3 (D. Utah Mar. 16, 2011)(under the common-law rule against claim-splitting, a plaintiff is obligated to bring all related claims together in the same action). Such a policy ensures that a plaintiff may not "split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which relief is sought, and leave the rest to be presented in a second suit, if the first fails." *Greene v. H & R Block E. Enterprises, Inc.*, 727 F. Supp. 2d 1363, 1367 (S.D. Fla. 2010), citing to *Stark v. Starr*, 94 U.S. 477, 485, 24 L.Ed. 276 (1876).

45. The effect of this restriction is twofold: to ensure fairness to litigants and to conserve judicial resources. *See, e.g., Borrero v. United Healthcare of New York, Inc.*, 610 F.3d 1296, 1306–09 (11th Cir.2010) (discussing related doctrine of claim preclusion and its judicial purpose).

46. Fraudulent misjoinder is also evident based on the conclusory allegations asserted in Plaintiff's Complaint. Conclusory allegations do not suffice to state a claim. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Allegations such as Plaintiff's, which simply repeat

claims and lump together "defendants" are a tell-tale sign of improper joinder and cannot prevent removal. *Badon v. R.J.R. Nabisco Inc.*, 224 F.3d 382, 392-93 (5th Cir. 2000).

47. By all accounts, it is evident that the claims against the Defendants cannot proceed in state court and the federal court retains exclusive jurisdiction over the matters in controversy. The United States Code is clear on the point that after a case is removed from the state court in which it was initially filed, "the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). This case should be removed on the basis of fraudulent joinder, and then summarily dismissed.

### B. The Amount In Controversy Exceeds $75,000

48. The amount in controversy for removal jurisdiction normally is determined by reference to allegations in the plaintiff's complaint. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). Where a state rule of procedure provides that the amount of damages may not be included in the complaint, see Rule 1-008(A)(3) NMRA, then "the notice of removal may assert the amount in controversy." 28 U.S.C. §§ 1446(c)(2)(a). In that instance, the Court must examine the facts existing at the time of removal and determine whether those "establish the jurisdictional amount by a preponderance of the evidence." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). The Court may look to the substance and nature of the damages described in the pleadings. *McPhail v. Deere*, 529 F.3d 947, 955-56 (10th Cir. 2008).

49. Here, Plaintiff's allegations demonstrate that she is seeking more than the required $75,000 jurisdictional amount. Plaintiff claims she suffered substantial personal injuries, including medical damages of nearly $18,000; and property damages of approximately

$9,000 relative to the underlying accident of February 13, 2012. Compl., ¶27, Ex. A. Plaintiff seeks the amount of her actual, consequential, and special damages. Id., 208(a). She also seeks the "entire amount of the claim" plus all related costs and expenses, including attorney's fees and costs. Id. Plaintiff seeks past, present, and future pain and suffering; future medical expenses; past, present and future loss of earning capacity; lost wages; loss of society; punitive damages; exemplary damages; treble damages; and pre and post judgment interest. Id., ¶208 (a)-(l). Any such awards put the amount in controversy at well over $75,000. In addition, *see* Ex. B.

50. On August 6, 2015, the undersigned sent a letter to plaintiff's counsel requesting that he and his client sign a stipulation of fact that his client will not seek nor accept more than $75,000 in this case. A copy of the letter and proposed Stipulation of fact is attached as Exhibit D. Plaintiff's counsel has not to date produced a signed Stipulation.

51. Defendants deny Plaintiff's contentions, all liability, and specifically deny that Plaintiff is entitled to any damages whatsoever.

52. Accordingly, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Because this case is also between citizens of different states, it is within the original jurisdiction of the United States District Court. *See* 28 U.S.C. §§ 1332, 1441.

53. Pursuant to 28 U.S.C. §1446(d), promptly upon filing this notice, Defendants will give written notice of the filing thereof to Plaintiff and will file a copy of the notice with the Clerk of the Second Judicial District Court in Bernalillo, New Mexico, from which this action was removed.

54. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.

WHEREFORE, the Defendants request that the above-entitled action remain in this United States District Court for the District of New Mexico.

> Respectfully Submitted,
>
> BUTT THORNTON & BAEHR PC
>
> /s/ *James H. Johansen*
> James H. Johansen
> Felicia C. Boyd
> *Attorney for Defendants, Safeway Insurance Group,*
> *Safeway Insurance Company,*
> *Elizabeth George, and Craig Martin*
> P.O. Box 3170
> Albuquerque, NM  87190-3170
> Telephone:  (505) 884-0777

I hereby certify that on the 11th day of August, 2015, I filed the foregoing electronically through the CM/ECF system, which caused the following counsel to be served by e-mail; and electronic means, as more fully reflected on the Notice of Electronic filing:

George Anthony Bleus
Bleus & Associates
2633 Dakota St. NE
Albuquerque, NM 87110-3345


/s/ *James H. Johansen*
James H. Johansen