## REGISTER OF ACTIONS
### CASE NO. D-202-CV-2015-05173

| | | | |
|---|---|---|---|
| Socorro Trejo v. Safeway Insurance Group, et al. | § § § § § § | Case Type: | **Tort Auto** |
| | | Date Filed: | **06/17/2015** |
| | | Location: | **Bernalillo County** |
| | | Judicial Officer: | **Brickhouse, Beatrice J.** |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| Defendant | **Bro, Dale** | |
| Defendant | **Bro, Dale** *Doing Business As* Insurance Store | |
| Defendant | **Doe, John** | |
| Defendant | **George, Elizabeth** | |
| Defendant | **Martin, Craig** | |
| Defendant | **Safeway Insurance Company** | |
| Defendant | **Safeway Insurance Group** | |
| Plaintiff | **Trejo, Socorro** | **George Anthony Bleus** *Retained* |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 06/17/2015 | **Cause Of Actions** | Tort: Personal Injury Auto |
| | Action Type | Action |
| 06/17/2015 | **Cause Of Actions** | Misrepresentation, Fraud |
| | Action Type | Action |
| 06/17/2015 | **Cause Of Actions** | Bad Faith |
| | Action Type | Action |
| 06/17/2015 | **Cause Of Actions** | Trade Practices Act |
| | Action Type | Action |
| 06/17/2015 | **OPN: COMPLAINT** | |
| 06/17/2015 | **ARB: CERT NOT SUBJECT** | |
| 07/10/2015 | **Summons** | |
| | Bro, Dale | Unserved |
| | Safeway Insurance Group | Unserved |
| | Safeway Insurance Company | Unserved |
| | George, Elizabeth | Unserved |
| | Martin, Craig | Unserved |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| **Plaintiff** Trejo, Socorro | | | |
| Total Financial Assessment | | | 132.00 |
| Total Payments and Credits | | | 132.00 |
| **Balance Due as of 08/11/2015** | | | **0.00** |
| 06/18/2015 | Transaction Assessment | | 132.00 |
| 06/18/2015 | File & Serve Payment | Receipt # ALBD-2015-18356        Trejo, Socorro | (132.00) |

# EXHIBIT A

FILED IN MY OFFICE
DISTRICT COURT CLERK
6/17/2015 3:41:51 PM
James A. Noel
Kristina Archibeque

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT COURT**

| | |
|---|---|
| SOCORRO TREJO, | ) |
| | ) |
|         Plaintiff, | ) |
| vs. | ) |
| | ) |
| SAFEWAY INSURANCE GROUP; | ) |
| SAFEWAY INSURANCE COMPANY; | )   Civil Action No. |
| ELIZABETH GEORGE; CRAIG MARTIN | ) |
| DALE BRO, individual and d/b/a THE | )         D-202-CV-2015-05173 |
| INSURANCE STORE; and JOHN DOE | ) |
| Adjusters and Agents; | ) |
| | ) |
|         Defendants. | ) |

## COMPLAINT FOR PERSONAL INJURY & TO RECOVER DAMAGES FOR BREACH OF CONTRACT; INSURANCE COMPANY BAD FAITH; UNFAIR INSURANCE PRACTICES ACT (UIPA); VIOLATION OF UNFAIR BUSINESS & TRADE ACT; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; FRAUD; NEGLIGENT MISREPRESENTATION; AND UNREASONABLE DELAY

**NOW COMES,** the Plaintiff, Socorro Trejo, by and through her attorneys of record, Bleus & Associates, LLC, and for her Insurance Bad Faith Complaint pursued against Safeway Insurance Group; Safeway Insurance Company, (hereinafter collectively referred to as Defendant "Safeway"); Elizabeth George; Craig Martin; and Dale Bro, individually and d/b/a the Insurance Store; their agents; adjusters; representatives and/or employees; alleges; asserts; and states as follows:

Plaintiff Socorro Trejo was a member of a "Class" which was preliminarily approved for a Class Action Settlement in a Class Action lawsuit styled; Ullman *D-101-CV-2013-01427, filed in 2013. **Plaintiff Trejo filed her "opt out" notice on April 12, 2015 with the Court so that she is no longer a member of that "Class."**

# EXHIBIT A

As a result, Plaintiff Socorro Trejo now files her Complaint for insurance bad faith against the named Defendants for their wanton, willful, intentional and systemic failure and refusal to issue mandatory "UM/UIM" uninsured/underinsured motorist coverage to the Plaintiff, which has resulted in widespread financial detriment to the Plaintiff and resulted in untold financial gain for the Defendants.

## JURISDICTION AND VENUE

1.    Plaintiff Socorro Trejo is a citizen and resident of the State of New Mexico, County of Bernalillo.

2.    Defendant Safeway Insurance Group and Safeway Insurance Company are Illinois insurers authorized and doing business in the State of New Mexico as Safeway Insurance Company. Safeway Insurance Company regularly does business in the State of New Mexico by and through the sale of insurance policies and derives substantial economic benefit from the sale of those policies. Defendant Safeway has 528 Agents in New Mexico as of April 30, 2014. As such, Defendant Safeway Insurance Company is subject to personal jurisdiction in the State of New Mexico. Defendant Safeway Insurance Company may be served through the New Mexico Department of Insurance.

3.    Defendant Elizabeth George is an authorized claims manager, agent, servant, adjuster, and/or employee of Defendant(s) Safeway Insurance Group and/or Safeway Insurance Company. Defendant George has been employed with Defendant Safeway since 2005. Defendant George reviewed insurance policies issued and or renewed by Safeway to Plaintiff Trejo since October 19, 2011. Defendant George was acting within the course and scope of her relationship with Defendant Safeway at all times herein to perform business for Defendant Safeway in the State of New Mexico through the claims handling of insurance policies in the

## EXHIBIT A

State of New Mexico. As such, Defendant George is subject to personal jurisdiction in the State of New Mexico. Defendant George may be served through the New Mexico Department of Insurance.

4.      Defendant Craig Martin is an authorized claim adjuster, agent, servant, representative and/or employee of Defendant(s) Safeway Insurance Group and/or Safeway Insurance Company. Defendant Martin was acting within the course and scope of his relationship with Defendants Safeway at all times herein to perform business for Defendant Safeway in the State of New Mexico through the claims handling of insurance policies in the State of New Mexico. As such, Defendant Martin is subject to personal jurisdiction in the State of New Mexico. Defendant Martin may be served through the New Mexico Department of Insurance.

5.      Defendant Dale Bro, aka Lloyd Dale Bro, individually and doing business as "The Insurance Store" located at 703 South Main Street, Belen, New Mexico 87002, is a resident of the State of New Mexico. Defendant Bro is licensed by the Office of the Superintendent of Insurance in the State of New Mexico under license number 271015, issued December 14, 2010, and is authorized to and does sell motor vehicle insurance, casualty & surety insurance, property insurance and marine & transportation insurance to New Mexico residents. Defendant Bro may be served personally or through the New Mexico Department of Insurance.

6.      Defendant John Doe Agents and Adjusters are authorized unknown entities; employers; representatives; adjusters; employees; agents; servants; and/or subsidiaries of Defendants "Safeway" acting within the course and scope of their relationship with Defendant "Safeway" and at all times herein performed business for Defendant Safeway in the State of New Mexico. John Doe Agents and Adjusters regularly do business in the State of New Mexico by

**EXHIBIT A**

and through the sale and/or claims handling of insurance policies in the State of New Mexico,

and derive substantial economic benefit from those policies.  As such, Defendants John Doe

Agents and Adjusters are subject to personal jurisdiction in the State of New Mexico.

7.    That at all times relevant and material, Defendant Safeway Insurance Company

and/or the Insurance Store, acted by and through their agents; adjusters; servants; claim

representatives and/or employees; and their agents; adjusters; servants; claim representatives

and/or employees, acted within the purpose and scope of their agency and/or employment.

8.    That the acts and conduct alleged herein were known to; authorized; and/or

ratified by Defendant Safeway Insurance Company.

9.    Pursuant to 38-1-16 NMSA and 38-3-1 NMSA, venue and jurisdiction are

properly laid in the District Court of Bernalillo County, State of New Mexico.

### PLAINTIFF'S CAUSE OF THE ACTION

10.    This action arises out of a motor vehicle collision with a grossly underinsured

motorist whereby Plaintiff was denied UM/UIM coverage through her policy of insurance with

Defendant Safeway. Despite the New Mexico Supreme Court's Ruling in *Jordan v. Allstate in

2010*, Defendants collectively continued to issue and rely upon improper; invalid; and

unenforceable UM/UIM "rejections" knowing that such "rejection" were then, and are now,

unenforceable.

11.    As a result, this action is brought on behalf of Plaintiff Trejo individually, who

purchased automobile insurance policies from Defendant, Safeway Insurance Company and/or

Safeway Insurance Group, where she was either: (1) not offered "UM/UIM" benefits in any

manner; (2) was not offered "UM/UIM" benefits equal to the liability limits and in compliance

with the requirements held in *Jordan*; (3) signed unenforceable and invalid "rejection" of

### EXHIBIT A

"UM/UIM" benefits; (4) hers policy was never reformed; and/or (5) the insured's policy was lost, misplaced, and/or destroyed by the Defendants therefore, Plaintiffs policies of insurance were never reformed in compliance with New Mexico State Law therefore Plaintiff never received the benefits she contracted for and for which, she paid premiums or benefits, which were bestowed upon her as an insured with Safeway following *Jordan v. Allstate.*

12.     New Mexico's uninsured motorist statute, 66-5-301 NMSA "requires an insurer to offer "UM/UIM" uninsured/underinsured motorist coverage in an amount equal to the liability limits of the policy and that the choice of the insured to purchase any lower amount functions as a rejection of that maximum amount of coverage statutorily possible." *Progressive Northwest Ins. Co. v. Weed Warrior Servs.*, 2010-NMSC-50, ¶ 15, 149 N.M. 157, 245 P.3d 1209 (2010); *Jordan v. Allstate Ins. Co.*, 2010-NMSC-051, ¶ 1, 149 N.M. 162, 245 P3d 1214 (2010).

13.     Following the New Mexico Supreme Court's Ruling in *Jordan*, it is well established that, an insurer must, (1) offer to an insured "UM/UIM" coverage equal to his/her liability limits; (2) must inform the insured about premium costs corresponding to each available level of "UM/UIM" coverage; (3) must obtain a valid written rejection of "UM/UIM" coverage equal to the liability limits; and (4) must incorporate a valid "rejection" into the policy in a way that affords the insured a fair opportunity to consider the decision to reject.  Any deficiency mandates that the policy of insurance must be reformed to provide "UM/UIM" coverage equal to the liability limits. *Jordan v. Allstate Ins. Co. [245 P.3d 1214, 1221 (N.M. 2010)]*

14.     A rejection of "UM/UIM" coverage equal to the liability limits in an automobile insurance policy must be made in writing and must be made part of the insurance policy that is delivered to the insured. *Jordan v. Allstate Ins. Co.* 2010-NMSC-051, ¶ 2, 149 N.M. 162, 245 P.3d 1214 (2010).

# EXHIBIT A

15.     In order to honor these requirements effectively, insurers must provide the insured with the premium charges corresponding to each available option for "UM/UIM" coverage so that the insured can make a knowing and intelligent decision to receive or reject the full amount of coverage to which the insured is statutorily entitled. *Id.*

16.     If an insurer fails to obtain a valid rejection, the policy will therefore be reformed to provide "UM/UIM" uninsured/underinsured motorist coverage equal to the limits of liability coverage. *Id.* The New Mexico Supreme Court held that this rule applies retroactively. *Id.* at ¶¶ 25-29.

17.     Plaintiff's Complaint is an insurance bad faith action against the Defendants, for their knowing, wanton, willful, intentional and systemic failure and refusal to follow New Mexico automobile insurance Law.

18.     Following an accident with a grossly underinsured tortfeasor, Plaintiff Trejo placed his insurer on notice, seeking available uninsured/underinsured motorist coverage available to her pursuant to her stacked policies of insurance purchased through Defendant, Safeway.

19.     That Defendants illegally denied "UM/UIM" benefits to Plaintiff Trejo, all to her great financial detriment and in contravention of New Mexico State Law.

20.     That Defendants failed to offer its' insured "UM/UIM" coverage equal to the liability limits pursuant to the mandatory insurance requirements in the State of New Mexico established by *Jordan*.

21.     That following *Jordan*, Defendants at all times failed to reform, and repeatedly denied Plaintiff Trejo's uninsured/underinsured motorist coverage, in contravention of New Mexico State Law.

# EXHIBIT A

22.     That Defendant, Safeway knowingly engaged in illegal conduct, with actual and constructive knowledge of its conduct.

23.     As a result, Plaintiff Trejo alleges that Defendants engaged in; and continues to engage in, a scheme of knowing, wanton, willful and intentional bad faith denials of "UM/UIM" automobile insurance coverage to the Plaintiff specifically, in violation of *Jordan* and New Mexico State Law.

24.     Since Defendants have acted, and continue to engage in unreasonable, frivolous, knowing, malicious, intentional and oppressive conduct, Plaintiff Trejo brings forth her claim.

## STATEMENT OF MATERIAL FACTS

25.     Plaintiff repeats; re-alleges; and hereby incorporates by reference the allegations contained in Paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26.     That on or about February 13, 2012, Plaintiff Socorro Trejo was involved in a two-vehicle automobile accident.  Plaintiff Trejo was driving one of the vehicles involved in the accident.  The other vehicle involved in the accident was owned and operated by an underinsured uninsured motorist, tortfeasor, Javier Garcia.

27.     That on the abovementioned date, Plaintiff Trejo did suffer substantial personal injuries; medical damages nearly $18,000.00; and property damage of approximately $ 9,000.00 as a result of the subject accident.

28.     That in full compliance with the terms of Plaintiff Trejo's automobile insurance policy with Defendants, the Law Firm of Bleus & Associates, LLC on behalf of Plaintiff Trejo, promptly reported her claim arising from the February 13, 2012 accident to Defendants.

29.     The notice was by letter of representation dated February 23, 2012, sent by First Class Mail and Certified Return Receipt Mail No: *7101 2780 0002 4843 8343*, to Safeway

## EXHIBIT A

Insurance Company, seeking any and all UIM Bodily Injury ("UIMBI") Benefits available to Ms. Trejo pursuant to her automobile policy of insurance purchased through Safeway Insurance Company.

30.     In response, on February 28, 2012, Safeway adjuster Craig Martin forwarded correspondence indicating that Ms. Trejo had a valid policy with Safeway Insurance Company on the date of the accident and further tendered a copy of Ms. Trejo's Declarations Page for review.  The Declarations Page provided indicated (3) insured motor vehicles under Policy No: 1019111-NM.  *It further stated that "UMBI Coverage Rejected" by notation which was evident beneath the section delineating Uninsured Motorist Coverage – BI section*.

31.     Defendant Martin, on behalf of Safeway Insurance, advised that Defendants refused to extend uninsured/underinsured motorist coverage to Plaintiff Trejo based on the illegal and erroneous uninsured motorist "rejection."

32.     That in response, Plaintiff Trejo requested verification that Defendants had properly and validly offered her the opportunity to make a valid "waiver" of underinsured motorist coverage subject to the requirements contained in *Jordan v. Allstate* and in accordance with the laws of the State of New Mexico.

33.     In connection therewith, Plaintiff Trejo requested copies of all uninsured motorist waivers and/or rejection forms that Defendants claimed to have obtained from her when she applied for the Safeway Insurance automotive policy.

34.     Thereafter, on March 27, 2012, claims manager Elizabeth George forwarded her correspondence including in her submission, another Declaration Page enclosure, evidencing Plaintiff Trejo's automobile coverage with Safeway Insurance Company.  Claims Manager Elizabeth George's correspondence noted that Plaintiff Trejo "did not have Medical Payment

**EXHIBIT A**

coverage at the time of the loss." Further, the Declarations Page provided again indicated (3) insured motor vehicles under Policy No: 1019111-NM and *"UMBI Coverage Rejected" was evident beneath the section delineating Uninsured Motorist Coverage – BI section.*

35.     Defendant Manager Elizabeth George, of behalf of Safeway Insurance, also advised that Defendants refused to extend underinsured motorist coverage to Plaintiff Trejo based on the illegal and erroneous uninsured motorist "waiver."

36.     That Plaintiff Trejo again requested verification that Defendants had properly and validly offered her the opportunity to make a valid "waiver" of underinsured motorist coverage subject to the requirements contained in *Jordan v. Allstate* and in accordance with the laws of the State of New Mexico.

37.     In connection therewith, Plaintiff Trejo requested copies of all uninsured motorist waivers and/or rejection forms that Defendants claimed to have obtained from her when she applied for the Safeway Insurance automotive policy.

38.     That on March 30, 2012, Safeway Insurance adjuster Craig Martin again forwarded correspondence including a Declaration Page and Police Report in his submission, to Plaintiff's counsel for review.

39.     Once again, the Declarations Page provided indicated (3) insured motor vehicles under Policy No: 1019111-NM. However *"UMBI Coverage Rejected" was evident beneath the section delineating Uninsured Motorist Coverage – BI section.*

40.     That Defendant Adjuster Craig Martin, on behalf of Safeway Insurance, advised that Defendants refused to extend underinsured motorist coverage to Plaintiff Trejo based on the illegal and erroneous uninsured motorist "waiver."

# EXHIBIT A

41.     That Plaintiff Trejo again requested verification that Defendants had properly and validly offered her the opportunity to make a valid "waiver" of underinsured motorist coverage subject to the requirements contained in *Jordan v. Allstate* and in accordance with the laws of the State of New Mexico.

42.     In connection therewith, Plaintiff Trejo requested copies of all uninsured motorist waivers and/or rejection forms that Defendants claimed to have obtained from her when she applied for the Safeway Insurance automotive policy.

43.     That on December 4, 2013, Bleus & Associates faxed and mailed correspondence to Safeway Claims Manager, Elizabeth George, once again requesting proof of a valid "waiver" rejecting UM/UIM coverage as set forth on the Declarations Page.  Counsel's correspondence specifically requested information tending to support Safeway Insurance Company's representation that Plaintiff Trejo did not have UIMBI coverage through her automobile policy purchased through Safeway Insurance Company as evidenced in all the previous Declarations Page submissions.

44.     That Plaintiff counsel's December 4, 2013 correspondence highlighted portions of the New Mexico Supreme Court's Ruling in Jordan v. Allstate, 2010-NMSC-051. *No response was provided by Safeway Insurance by Claims Manager Elizabeth George or adjuster Craig Martin.  No response was ever received.*

45.     That on March 24, 2014, Bleus & Associates LLC, again faxed and mailed correspondence to Safeway adjuster Craig Martin seeking information regarding the true status of Plaintiff Trejo's UIMBI Coverage with Safeway Insurance Company.  Further, as Plaintiff Trejo was offered the (minimal) Policy Limits in the underlying accident, she sought assent from

**EXHIBIT A**

Safeway Insurance Company to settle the underlying claim with Young America Insurance Company and its' negligent tortfeasor.

46.     That Defendant Safeway Insurance Company by and through its actions, Intended to and did Cause Plaintiff Trejo to believe that she did not have valid UM/UIM coverage with Defendant Safeway pursuant to its' numerous submissions and despite its' knowledge of the change in coverage law following *Jordan v. Allstate*, pertaining to "waivers."

47.     That Plaintiff Trejo was prejudiced in that she was not made whole as a result of settling the underlying claim with the grossly underinsured tortfeasor in the underlying accident.

48.     That **on March 25, 2014, and over (2) years from her initial request and demand, and only upon threat of lawsuit**, Defendant adjuster Adam Schafhauser of Safeway Insurance Company for the first time, informed Plaintiff Trejo and her attorneys that she in fact had valid UIMBI coverage (***despite the multiple representations that no such coverage was afforded and in contradiction to the Declarations Pages previously forwarded to counsel***) and was afforded UIMBI coverage for the (3) three insured motor vehicles on her policy for which she paid a premium.

49.     That on April 11, 2014, Bleus & Associates, LLC, mailed a Time Sensitive Demand letter to Safeway adjuster Craig Martin.

50.     That on April 17, 2014, Defendant Adam Schafhauser of Safeway Insurance Company sent correspondence to Bleus & Associates, LLC in response to Plaintiff's April 11, 2014 demand letter seeking an extension of time to respond to the demand.

51.     That on April 23, 2014, Bleus & Associates, LLC, faxed and mailed a second Time Sensitive Demand to Safeway adjuster Craig Martin.

# EXHIBIT A

52.     That on April 24, 2014, Defendant Safeway Insurance Company faxed and mailed correspondence to Bleus & Associates, LLC, rejecting Plaintiff's offer.

53.     The standard and uniform underinsured motorist waivers relied upon by Defendants for Plaintiff Trejo does not provide the premium charges corresponding to each available option for UM/UIM coverage; nor does it provide a signature page evidencing the waiver, thus, a knowing and intelligent decision to receive or reject the full amount of coverage to which they are statutorily entitled could not be made. As such, the Safeway Insurance Standard and uniform policies of Plaintiff Trejo should have been reformed as a matter of law pursuant to the New Mexico Supreme Court holdings in *Progressive NW Ins. Co. v. Weed Warrior Services*, and *Jordan v. Allstate Ins. Co.*

54.     Despite Defendants' knowledge that the standard and uniform waiver of uninsured and underinsured motorist coverage was not in compliance with New Mexico law, and that the DEC sheet provided to Plaintiff's counsel evidencing UM/UIM coverage "rejection" was insufficient to deny Plaintiff UM/UIM coverage, *(for over 2 years)* Defendants refused to reform Plaintiff's policy in accordance with the New Mexico Supreme Court's holdings in *Progressive NW Ins. Co. v Weed Warrior Services*, and *Jordan v. Allstate Ins. Co.*

55.     Despite Defendants' knowledge that their standard and uniform uninsured and underinsured motorist waivers do not comply with the requirements set forth by New Mexico law, and that Defendants are required by law to reform their policies for insureds who have also signed the same or similar standard and uniform waivers, Defendants have knowingly and unlawfully denied uninsured or underinsured motorist coverage to Plaintiff Trejo.

56.     That for over 2-years, Defendants have failed to inform Plaintiff Trejo that underinsured and uninsured motorist coverage waivers without premium charges corresponding

**EXHIBIT A**

to each available option for uninsured and underinsured motorist coverage are not valid, and that their uninsured or underinsured motorist coverage must be reformed pursuant to New Mexico law to meet the amounts of liability coverage.

57.    That presently, a Class Action lawsuit has been filed against Defendant Safeway in response to its systemic failures to offer UM/UIM coverage to its' insureds pursuant to the mandates set forth in *Jordan v. Allstate*.

## COUNT I - BREACH OF CONTRACT
## (ALL DEFENDANTS)

58.    Plaintiff repeats; re-alleges; and hereby incorporates by reference the allegations contained in Paragraphs 1 through 57 of this complaint as if fully set forth herein.

59.    At all times material hereto, Plaintiff Trejo was required by law to purchase automobile liability insurance pursuant to NMSA 1978 Section 66-5-201 to 66-5-239 NMSA (1998 Repl. Pamp.).

60.    The Trejo motor vehicle insurance policy was valid and in effect at the time of Plaintiff Trejo's accident with negligent tortfeasor Javier Garcia; and was in force and effect at all times relevant and material to the allegations set forth in this Complaint.

61.    That Plaintiff Trejo had performed in a timely manner all duties and obligations required of her under the terms and conditions of the Safeway Insurance Co. automobile insurance policy including but not limited to ***payments of all premiums***.

62.    That at the time of the above stated events, Defendant Safeway Insurance Company maintained a policy of insurance owned by Plaintiff Trejo to include liability coverage and "UM/UIM" coverage, denominated as Policy No. 1019111.

## EXHIBIT A

63.     That the standard and uniform insurance policy Defendants sold to Plaintiff Trejo was valid and in effect on the date Plaintiff Trejo had the accident with grossly underinsured tortfeasor, Javier Garcia.

64.     That Plaintiff's automobile policy of insurance provided automobile insurance coverage for three (3) motor vehicles on the date of the subject loss: (1) a 1999 Nissan Altima XE, VIN Number 1N4DL01D6XC164247; (2) a 2006 Kia Optima LX, VIN Number KNAGE123565045778; and (3) a 2007 GMC Yukon SLE, VIN Number 1GKFK13087R143648.

65.     That Defendants, either individually or collectively failed to offer uninsured/underinsured motorist ("UM/UIM") benefits equal to the liability limits to Plaintiff Trejo, as indicated on the DEC Sheet for her Policy of Insurance provided by Defendants adjusters, managers and representatives and supported by numerous correspondence from her insurance carrier.

66.     That Defendants did not identify levels of coverage for uninsured/underinsured motorist ("UM/UIM") benefits and further did not identify premiums for the different levels of uninsured/underinsured (UM/UIM) benefits to Plaintiff Trejo, as indicated on the DEC Sheet evidencing her policy of insurance.

67.     That the referenced automobile policy of insurance was in effect from October 19, 2011 through February 23, 2012.

68.     That the subject policy issued to Plaintiff Trejo was purchased through and issued by Defendant Dale Bro, aka Lloyd Dale Bro, individually and doing business as "The Insurance Store" located at 703 South Main Street, Belen, New Mexico 87002.

69.     That Plaintiff Trejo has no substantive knowledge of insurance or insurance law.

# EXHIBIT A

70.     That Plaintiff Trejo consulted with Defendant Dale Bro, and relied on his expertise on insurance and the insurance industry to recommend and procure full coverage for her vehicles.

71.     That Plaintiff Trejo made all of her monthly payments for insurance to Defendant Bro and/or his staff, and made other required trips to "the Insurance Store" to procure insurance identification cards and proof of insurance. Plaintiff Trejo frequented Defendant Bro's facility and her contacts with the office were frequent, continuous and routine.

72.     That various staff members of "the Insurance Store," including Defendant Bro, were aware of Plaintiff's February 13, 2012 motor vehicle accident.

73.     That Defendant Bro and others spoke to Plaintiff Trejo shortly after the accident when Plaintiff first noticed them of her uninsured/underinsured motorist claim.

74.     That Plaintiff first submitted the claim to Defendant Bro, individually and on behalf of Defendants Safeway Insurance Company, as she was concerned the offending negligent driver had either inadequate coverage or no coverage whatsoever.

75.     That Defendant Bro provided Plaintiff with a Notice of Payment for the policy as well as a Declarations Page indicating a valid policy was in effect at the time of the accident.

76.     That Defendant Bro has not, at any time between February 13, 2012 and the present, individually or by and through the staff at "the Insurance Store," attempted to assist Plaintiff Trejo in procuring uninsured/underinsured coverage or attempted to inform her of the reformation of her "UM/UIM" coverage following the New Mexico Supreme Court's ruling in *Jordan*.

77.     That as a licensed insurance agent authorized to sell automobile insurance in the State of New Mexico, Defendant Bro knew and/or should have known that pursuant to New

**EXHIBIT A**

Mexico law, all automobile insurance policies sold in the State of New Mexico were required to provide uninsured and underinsured motorist coverage in an amount equal to liability coverage unless an insured makes a knowing; proper; and lawful rejection of such coverage, as outlined by the New Mexico Supreme Court following *Jordan*.

78.     That as a licensed insurance agency authorized to sell automobile insurance in the State of New Mexico, Bro and his staff at "the Insurance Store," either knew or should have known that pursuant to New Mexico law, all automobile insurance policies sold in the State of New Mexico are required to provide uninsured and underinsured motorist coverage in an amount equal to liability coverage unless an insured makes a knowing, proper and lawful rejection of such coverage, as outlined by the New Mexico Supreme Court in *Jordan*.

79.     That Defendant Bro and his staff at "the Insurance Store," had a duty to: (1) ensure Plaintiff Trejo was provided "full coverage" as Plaintiff Trejo had requested; (2) had a duty to advise their client/customer of the substantive terms of the policy they recommended including Plaintiff's rights and obligations under the policy; (3) had a duty to ensure that any coverage limitations were lawful; (4) had a duty to ensure that any purported rejection signed by Plaintiff Trejo was done with a full understanding of the implications of such rejection; (5) had a further duty to ensure that Defendants Safeway Insurance Company and/or Safeway Insurance Group provided coverage as required by New Mexico State Law; (6) had a duty to ensure that Plaintiff's policy was reformed to provide uninsured motorist and underinsured motorist coverage, ("UM/UIM" coverage) as required by law; (7) and had a further duty to advise Plaintiff of her rights to uninsured motorist and underinsured motorist coverage despite Defendants Safeway's illegal and erroneous denial of such coverage.

# EXHIBIT A

80.     That following the accident with tortfeasor Garcia, and in full compliance with the terms of Plaintiff Trejo's automobile insurance policy with Defendant Safeway, Bleus & Associates, LLC on behalf of Plaintiff, promptly reported her claim arising from the February 13, 2012 accident to Defendant Safeway.

81.     Notice was by letter of representation dated February 23, 2012, sent by First Class Mail and Certified Return Receipt Mail No: 7010 2780 0002 4843 8343, to Safeway Insurance Company, seeking any and all UM/UIM Bodily Injury ("UIMBI") Benefits available to Plaintiff Trejo pursuant to her automobile policy of insurance purchased through Defendant Bro, d/b/a "The Insurance Store," and Safeway Insurance Company.

82.     That in response, on February 28, 2012, Safeway Insurance Company, by and through its' claims adjuster Craig Martin, forwarded correspondence indicating that Plaintiff Trejo had a valid and active policy of insurance with Safeway Insurance Company on the date of the accident and further tendered a copy of Ms. Trejo's Automobile Policy of Insurance and Declarations Page (DEC) sheet for review.

83.     That the Declarations Page (DEC) sheet provided to counsel indicated (3) three insured motor vehicles under Policy No: 1019111.

84.     That the Declarations Page (DEC) sheet provided by the Defendants indicates that Plaintiff Trejo "rejected uninsured/underinsured motorist bodily injury coverage."

85.     That the Declarations Page (DEC) sheet provided by the Defendants evidenced that Plaintiff Trejo was not offered (UM/UIM) coverage, whatsoever, nor was she offered (UM/UIM) coverage, equal to her liability limits.


# EXHIBIT A

86.     That adjuster Craig Martin on behalf of Defendant Safeway advised counsel that Plaintiff Trejo would not be afforded "UM/UIM" Coverage and Defendant therefore refused to extend uninsured/underinsured motorist coverage to Plaintiff Trejo.

87.     Defendant's position was made known despite the fact that in 2010, the New Mexico Supreme Court issued its Ruling in *Jordan v. Allstate Ins. Co. 245 P.3d 1214, 1221 (N.M. 2010)* holding that:

> **[if] an insurer does not offer (1) the insured UM/UIM coverage equal to his or her liability limits, (2) inform the insured about premium costs corresponding to the available levels of coverage, (3) obtain a written rejection of UM/UIM coverage equal to the liability limits, and (4) incorporate that rejection into the policy in a way that affords the insured a fair opportunity to consider the decision to reject, *the policy will be reformed to provide UM/UIM coverage equal to the liability limits. Id.***

88.     That on March 27, 2012, Safeway Insurance Company, by and through its' Claims Manager, Elizabeth George, again forwarded correspondence indicating that Plaintiff Trejo had a valid and active policy of insurance with Safeway Insurance Company on the date of the accident and further tendered a copy of Ms. Trejo's Automobile Policy of Insurance and Declarations Page (DEC) sheet for review. Ms. George's correspondence also indicated that Plaintiff Trejo did not have Med Pay Coverage pursuant to her policy of insurance.

89.     That the Declarations Page (DEC) sheet provided to counsel indicated (3) three insured motor vehicles under Policy No: 1019111.

90.     That the Declarations Page (DEC) sheet provided by the Defendants indicates that Plaintiff Trejo "rejected uninsured/underinsured motorist bodily injury coverage."

91.     That the Declarations Page (DEC) sheet provided by the Defendants evidenced that Plaintiff Trejo was not offered (UM/UIM) coverage, whatsoever, nor was she offered (UM/UIM) coverage, equal to her liability limits.

# EXHIBIT A

92.     That again on March 30, 2012, Safeway Insurance Company, by and through its' adjuster, Craig Martin, again forwarded correspondence indicating that Plaintiff Trejo had a valid and active policy of insurance with Safeway Insurance Company on the date of the accident and further tendered a copy of Ms. Trejo's Automobile Policy of Insurance and Declarations Page (DEC) sheet for review. Mr. Martin's correspondence was also accompanied by a copy of the Police Report filed in conjunction with Plaintiff's accident.

93.     That the Declarations Page (DEC) sheet provided by the Defendants indicates that Plaintiff Trejo "rejected uninsured/underinsured motorist bodily injury coverage."

94.     That the Declarations Page (DEC) sheet provided by the Defendants evidenced that Plaintiff Trejo was not offered (UM/UIM) coverage, whatsoever, nor was she offered (UM/UIM) coverage, equal to her liability limits.

95.     Defendants never produce a signed rejection of any sort, nor a legal "waiver" compliant with the mandates set forth in *Jordan*.

96.     Following the numerous rejections by Defendant Safeway, on December 4, 2013, Plaintiff's counsel forwarded correspondence to Defendant Safeway Insurance Company, again seeking any and all UM/UIM Bodily Injury ("UIMBI") Benefits available to Plaintiff Trejo pursuant to her automobile policy of insurance purchased through Defendant Bro, d/b/a "The Insurance Store," and Safeway Insurance Company.

97.     Counsel's letter highlighted the New Mexico Supreme Court's Ruling in Jordan v. Allstate and demanded documentation of a knowing and legal "waiver."

98.     No response was had so over 3 months later, Plaintiff's counsel was forced to send another correspondence to Defendant Safeway requesting the same and indicating that suit would be filed against Defendant for insurance bad faith.

# EXHIBIT A

99.     That at all times relevant and material, Defendant Safeway by and through its adjuster Craig Martin; manager, Elizabeth George, and Agent Dale Bro, illegally and erroneously advised that Plaintiff Trejo would not be afforded UM/UIM Coverage and Defendants refused to extend uninsured/underinsured motorist coverage to Plaintiff based upon the insufficient and illegal uninsured motorist "rejection" or "waiver."

100.    That as a result, Plaintiff Trejo was not afforded UM/UIM Coverage for several years and until suit was threatened.

101.    That adjuster Martin and manager George's correspondence and denial was in violation of *Jordan v. Allstate.*

102.    That Defendants had actual and constructive notice of its' illegal conduct by and through a Class Action Lawsuits filed against Safeway Insurance Company.

103.    That Defendant Safeway Insurance Company; and/or Dale Bro, d/b/a "The Insurance Store" knowingly, willfully, and intentionally failed to offer "UM/UIM" benefits to Plaintiff Trejo, all to their great financial gain.

104.    That Defendants failed to offer "UM/UIM" benefits equal to the liability limits to Plaintiff Trejo.

105.    That Defendants failed to obtain a valid "rejection" or "waiver" of uninsured/underinsured motorist ("UM/UIM") benefits from Plaintiff Trejo.

106.    That Defendants failed to reform the policy of insurance to offer uninsured/underinsured motorist ("UM/UIM") benefits to Plaintiff Trejo, all in violation of the express mandates of *Jordan v. Allstate.*

107.    As such, Plaintiff Trejo's "UM/UIM" policy of insurance should have been reformed by law following *Jordan v. Allstate.*

# EXHIBIT A

108.    That at all times relevant and material, Plaintiff Trejo requested verification that Defendants had properly and validly offered her a fair opportunity to reconsider the decision to reject "UM/UIM" coverage and thus make a valid "rejection" or "waiver" of underinsured motorist coverage subject to the requirements contained in *Jordan* and in accordance with the laws of the State of New Mexico.

109.    *None was provided. Rather, adjuster(s) Craig Martin; and manager Elizabeth George, Illegally Denied Plaintiff's claim for "UM/UIM" coverage and insisted that Defendant Safeway Insurance Company would not honor any claim for "UM/UIM" benefits claimed by Plaintiff Trejo.*

110.    That as a result of the above, Defendant Safeway by and through its managers, adjusters, employees, agents, claim representatives and/or servants, knowingly caused Plaintiff Trejo to believe that she did not have valid "UM/UIM" coverage through her policy of insurance with Defendant Safeway; and/or Dale Bro d/b/a "The Insurance Store" pursuant to Defendants numerous submissions denying Plaintiff's coverage in contradiction of New Mexico law and the Supreme Court's Ruling in *Jordan*.

111.    That Plaintiff, Trejo was statutorily entitled to "UM/UIM" coverage equal to the liability limits of the Safeway automobile policy of insurance.

112.    That Defendants have issued illegal, wrongful, knowing and intentionally false information to its insured and systematically failed to offer "UM/UIM" coverage, equal to the liability limits to the Plaintiff; (2) illegally, wrongfully, knowingly and systematically failed to obtain a valid waiver of "UM/UIM" coverage from the Plaintiff; (3) illegally, wrongfully, knowingly and systematically rejected "UM/UIM" coverage to the Plaintiff; and (4) illegally,

**EXHIBIT A**

wrongfully, knowingly and systematically failed to reform Plaintiff's policies of insurance as required by law.

113. *That Defendants' have engaged in such conduct illegally, wrongfully, knowingly, intentionally and systematically solely for its <u>great financial gain and with such frequency to indicate a pattern of conduct indicating a general business practice</u>.*

114. That Plaintiff Trejo was entitled to "UM/UIM" coverage equal to the liability limits of the Safeway automobile policy of insurance.

115. That Plaintiff Trejo was also entitled to "reformation" of his Safeway automobile policies of insurance in accordance with New Mexico Supreme Court's Rulings in *Progressive NW Ins. Co. v. Weed Warrior Services; Jordan v. Allstate;* and New Mexico State Law.

116. That as a result, and in reliance of Defendants assertion that Plaintiff Trejo had NO "UM/UIM" Coverage, Plaintiff Trejo was greatly prejudiced, all to her financial detriment.

117. That Defendants unlawfully denied Plaintiff Trejo State mandated coverage with full knowledge that (1) the standard and uniform waiver of "UM/UIM" motorist coverage was not in compliance with New Mexico law; (2) the DEC sheet provided to Plaintiff's counsel falsely evidenced "UM/UIM" coverage was rejected when, in fact, the policy was lawfully reformed to provide such coverage; (3) the DEC sheet and purported rejection contained no indication that Plaintiff was offered "UM/UIM" coverage equal to the liability limits; (4) there is no denotation of premiums for each level of coverage; and (5) the purported "rejection" or "waiver" was not sufficient to deny Plaintiff "UM/UIM" coverage.

118. *Thus, for several years,* Defendants refused to reform Plaintiff's policy, in accordance with the New Mexico Supreme Court's holdings in *Progressive NW Ins. Co. v Weed Warrior Services and Jordan v. Allstate Ins. Co.*

# EXHIBIT A

119.   That at all times relevant and material hereto, Defendants had a duty to conduct itself in good faith and with fair dealings towards Plaintiff as its insured policy holder.

120.   That at all times relevant and material hereto, Defendants had a duty to give equal consideration to its' interests and to that of its insured policy holders.

121.   That an insurer's frivolous or unfounded refusal to pay is the equivalent of a reckless disregard for the interests of the insured.

122.   That pursuant to New Mexico Law, drivers who carry Uninsured/Underinsured motorist coverage are permitted to make a first-party claim with his/her automobile insurance carrier for those items of damages that he/she would be legally entitled to recover from a tortfeasor.

123.   That following his automobile accident in 2012 and subsequent medical treatment for her injuries, Plaintiff Trejo was caused to spend several months undergoing medical care as a result of the injuries.

124.   That following said accident and as a result of his injuries, Plaintiff Bates sustained past, present and future pain and suffering, which exists and continues to present date.

125.   That following the automobile accident in 2012 and as a result of her injuries, Plaintiff Trejo sustained a past; present and future loss of income and past; present; and future loss of earning capacity, which exists and continues to present date.

126.   At all times relevant and material hereto, Defendants by and through its adjuster(s) Craig Martin; and Manager Elizabeth George were made aware that the facts and circumstances surrounding Plaintiff's 2012 automobile accident involving tortfeasor Garcia.

127.   That despite notice, at all times relevant and material hereto, Defendants by and through its adjuster(s) *summarily Denied Plaintiff's claim for "UM/UIM" coverage and*

# EXHIBIT A

*insisted that Defendant Safeway would not honor any claim for "UM/UIM" benefits as sought by the Plaintiff.*

128.    That as a result of Defendants timely notice; knowledge of the accident; and presumed investigation; Plaintiff Trejo should be entitled to Punitive Damage compensation, for claims pursued by the Plaintiff and denied by the Defendants.

129.    That as a result of Defendants numerous failures and denials, Defendants have failed to honestly and fairly balance the interests of the insured with that of its own.

130.    That as a result of Defendants failures and denials, Plaintiff Trejo *was forced to retain counsel and file suit on this claim*, all in violation of the duty of good faith and fair dealings by Defendant Safeway; and/or Dale Bro d/b/a "The Insurance Store," to its insured and it's customer.

131.    That Defendants, by and through its managers; adjusters; agents; claim representatives; and/or employees, owed Plaintiff a duty to of good faith and fair dealing in the acceptance; handling; reviewing; and/or attempt to resolve Plaintiff's respective claims.

132.    That the collective conduct of the Defendants, by and through its managers; agents; adjusters; claim representatives; and/or employees, was egregious, in the acknowledgement; handling; reviewing; and/or attempt at resolving Plaintiffs claims, as Defendant failed honor Plaintiff's "UM/UIM" claim, thus forcing Plaintiff to have to retain counsel and file suit in order to be made whole.

133.    That the conduct of Defendants, by and through its managers; agents; adjusters; claim representatives; and/or employees was extreme and outrageous; and Defendants, by and through its employees, intended to mislead; deceive; and/or maliciously; willfully; and knowingly; misrepresent material facts to Plaintiff Trejo, thereby forcing her into believing that

## EXHIBIT A

she was entitled to far less than the law would allow and her automobile insurance policy would cover.

134.    That Defendants, by and through its managers; agents; adjusters; claim representatives; and/or employees, failed to honestly and fairly balance the interests of the insured with that of its' own.

135.    That Defendants, by and through its acts and/or omissions; maliciously; willfully; wantonly; knowingly; and/or recklessly, and without regard for Plaintiffs rights, *breached its contract; breached its duty of good faith and fair dealing to its policyholder; materially misrepresented material facts to Plaintiff; knowingly attempted to intimidate and/or mislead the Plaintiff; exercised frivolous or unfounded refusal to pay; failed to honestly and fairly balance the interests of the insured with that of its' own; and forced the Plaintiff to have to retain an attorney and file suit in order to be made whole.*

136.    That as a direct and proximate result of Defendants malicious; reckless; wanton; knowing; willful; and/or intentional breach, by and through its acts and omissions, Plaintiff is entitled to compensatory; incidental; consequential (special) damages; and punitive damages, including but not limited to attorney's fees and costs pursuant to NMSA 1978 Section 39-2-1 and pre and post judgment interest.

## COUNT II - INSURANCE COMPANY BAD FAITH

137.    Plaintiff repeats; re-alleges; and hereby incorporates by reference the allegations contained in Paragraphs 1 through 136 of this complaint as if fully set forth herein.

138.    There is implied in every New Mexico insurance policy a duty on the part of an insurance company to deal fairly with the policyholder.

# EXHIBIT A

139.    Fair dealing means to act honestly; in good faith; and lawfully, in the performance of the contract. An insurance company must give equal consideration to its own interests and the interests of the insured policy holder.

140.    An insurance company and its agents, adjusters, claim representatives, and/or employees, act in bad faith when they refuse to acknowledge or pay a claim for reasons which are frivolous, unfounded, and/or not in compliance with the laws of the State of New Mexico.

141.    That in deciding whether to pay a claim, an insurer, must act reasonably under the circumstances to conduct a timely and fair investigation and evaluation of a claim.

142.    A failure to timely investigate, evaluate, and/or pay a claim is a bad faith breach of the duty to act honestly and in good faith in the performance of the insurance contract.

143.    A failure to pay uninsured or underinsured motorist coverage when a policyholder or the occupant in a policyholder's vehicle is entitled to uninsured or underinsured motorist coverage is a breach of the duty to act honesty and in good faith in performance of the insurance contract.

144.    That although Defendants acknowledged lawful and applicable coverage in 2012, Defendants failed to honor its' obligations to its policy holder, Plaintiff Trejo, as described in the automobile policy of insurance and provide Uninsured/Underinsured coverage to Plaintiff in a reasonable time and manner, especially following the New Mexico Supreme Court's Ruling in *Jordan v. Allstate*. Specifically, Defendant denied Plaintiffs claim for "UM/UIM" coverage.

145.    That at all times relevant hereto, Defendants maliciously; knowingly; wantonly; willfully; recklessly; intentionally and without regard for Plaintiff's rights, breached the duty of good faith and fair dealings owed to the Plaintiff by way of the following:

# EXHIBIT A

    a.  Misrepresented to Plaintiff pertinent provisions relating to coverage under her Uninsured/Underinsured policy;

    b.  Failed to act reasonably under the circumstances to conduct timely investigation and fair evaluation of Plaintiff's claims;

    c.  Misrepresented to Plaintiff the range of benefits afforded to Plaintiff pursuing a settlement under the Uninsured/Underinsured coverage by denying Plaintiffs claim to "UM/UIM" benefits;

    d.  Forcing the Plaintiff to have to retain counsel and have to file suit in order to make her whole;

    e.  Attempted to intimidate and/or mislead Plaintiff into believing she was entitled to substantially less than her automobile insurance policy of insurance would provide.

146.    That Defendants have intentionally, willfully, wantonly, recklessly and in bad faith engaged in a practice of unconscionable, outrageous, deceptive and wrongful conduct with regard to its coverage positions, including Defendants' denial of Plaintiff's claim for "UM/UIM" coverage, contrary to New Mexico's public policy, the laws of the State of New Mexico, and the rulings of the New Mexico Supreme Court.

147.    That upon information and belief, Defendants have acted with reckless indifference to their civil obligations to Plaintiff Trejo.

148.    As such, Plaintiff has suffered; and will continue to suffer, severe emotion distress as the result of Defendant's conduct and its malicious; knowing; wanton; willful' and intentional wrongful acts and omissions.

# EXHIBIT A

149.    That as a direct and proximate result of Defendants conduct coupled with its malicious; knowing; wanton; willful and intentional acts of Insurance Company Bad Faith by and through its acts and omissions, Plaintiff Trejo is entitled to compensatory; incidental; consequential (special) damages; and punitive damages; including but not limited to attorney's fees and costs pursuant to NMSA 1978 Section 39-2-1, and pre and post judgment interest.

## COUNT III – VIOLATION OF NEW MEXICO INSURANCE CODE

## UNFAIR INSURANCE PRACTICES ACT (UIPA)

150.    Plaintiff repeats; re-alleges; and hereby incorporates by reference the allegations contained in Paragraphs 1 through 149 of this complaint as if fully set forth herein.

151.    That Defendant Safeway Insurance Company is an insurer within the meaning of the New Mexico Unfair Insurance Practices Act (UIPA) NMSA 1978, §. 59A-16-1, et. seq.

152.    That Plaintiff Trejo is an insured within the meaning of the New Mexico Unfair Insurance Practices Act (UIPA) NMSA 1978, s. 59A-16-1, et. seq.

153.    That the actions of Defendants, by and through its managers; agents; adjusters; claim representatives; and/or employees, as set forth above, constitute Unfair Insurance Trade Practices prohibited by NMSA 1978 § 59A-16-1 through § 59A-16-30.

154.    That at all times relevant and material hereto and pursuant to violations of NMSA 1978 § 59A-16-20, Defendants by and through its managers; agents; adjusters; claim representatives; and/or employees:

> a.   Misrepresented to its insured pertinent facts or policy provisions relating to coverage;

## EXHIBIT A

c. Failed to adopt and implement reasonable standards for the prompt investigation and processing of the insured's claim arising under the insured's policy;

f. Failed in good faith to effectuate prompt, fair and equitable settlement of the insured's claim in which liability had become reasonably clear;

g. Compelled the insured to institute litigation in order to recover amounts due under a policy by unlawfully denying Plaintiffs claim for "UM/UIM" coverage; and

155.    Violations of New Mexico State statute is negligence per se.

156.    By refusing coverage and/or delaying payment on a lawful claim for reasons that are frivolous or unfounded, Defendants have acted with reckless disregard for the interests of the insured.

157.    That Defendants have intentionally, willfully, wantonly, recklessly, intentionally and in bad faith engaged in a practice of unconscionable, outrageous, deceptive and wrongful conduct with regard to its coverage positions, including Defendants' denial of Plaintiff's claim for "UM/UIM" coverage, contrary to New Mexico's public policy, the laws of the State of New Mexico, and the rulings of the New Mexico Supreme Court.

158.    That upon information and belief, Defendants have acted with reckless indifference to their civil obligations to Plaintiff Trejo.

159.    As a direct and proximate result of Defendants conduct and/or its knowing; malicious; wanton; willful and/or intentional acts in violation of the New Mexico Insurance Code, Plaintiff Trejo is entitled to attorney's fees and costs pursuant to NMSA 1978 Section 59A-16-30, §. 39-2-1 and other relief granted under Section 59A-16-1 et seq.

# EXHIBIT A

160.    That Plaintiff Trejo is also entitled to compensatory; incidental; consequential (special) damages; punitive damages and pre and post judgment interest.

## COUNT IV – VIOLATION OF NEW MEXICO UNFAIR PRACTICES ACT

161.    Plaintiff repeats; re-alleges; and hereby incorporates by reference the allegations contained in Paragraphs 1 through 161 of this complaint as if fully set forth herein.

162.    That Defendant's wrongful acts or omissions as alleged in this Complaint were knowing, willful, and intentional violations of the Unfair Practices Act, NMSA 1978 Section 57-12-16.

163.    That Defendants conduct violates NMSA 1978 Section 57-12-1 et. seq. N.M. Stat. Ann, including § 57-12-2 (D) (5), (7), (10), (12), (14) and (17).

164.    That Defendants conduct violates NMSA 1978 Section 57-12-1 et. seq. N.M. Stat. Ann, including § 57-12-2 (E) (1) and (2).

165.    That Defendants conduct further violates NMSA 1978 Section 59A-16-20 et. seq. N.M. Stat. Ann.

166.    That Defendants deceit; misrepresentations; denial of coverage; and its failure to promptly and thoroughly accept; investigate; evaluate; settle; and pay pursuant to the coverage of automobile insurance purchased by the Plaintiff; coupled with Plaintiff Trejo's reasonable expectation flowing from said automobile policy of insurance is a violation of the aforesaid statutes and as such was malicious; willful; grossly negligent; reckless; wanton; wrongful and intentional bad faith conduct on the part of the Defendants and was in total disregard of Plaintiff's rights.

167.    That Plaintiff Trejo further alleges that, Defendants have knowingly, wantonly, intentionally and willfully committed and/or performed such acts with frequency as to indicate a

## EXHIBIT A

general business practice. The Defendants have engaged in the following illegal activity to include but not limited to:

A. Misrepresenting to insureds pertinent facts or policy provisions relating to coverages at issue;

B. failing to acknowledge and act reasonably promptly upon communications with respect to claims from insureds arising under policies;

C. failing to adopt and implement reasonable standards for the prompt investigation and processing of insureds' claims arising under policies;

D. failing to affirm or deny coverage of claims of insureds within a reasonable time after proof of loss requirements under the policy have been completed and submitted by the insured;

E. not attempting in good faith to effectuate prompt, fair and equitable settlements of an insured's claims in which liability has become reasonably clear,

G. compelling insureds to institute litigation to recover amounts due under policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds when such insureds have made claims for amounts reasonably similar to amounts ultimately recovered;

H. failing to settle an insured's claims promptly where liability has become apparent under one portion of the policy coverage in order to influence settlement under another portion of the policy coverage; (or)

I. failing to promptly provide an insured a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

168.    *That Defendants Safeway Insurance Company and/or Dale Bro, d/b/a "The Insurance Store," knowingly, wantonly, willfully and intentionally engaged in these practices, and have engaged in these practices with such frequency as to indicate that such conduct is Defendants' general business practice.*

169.    That by unlawfully refusing "UM/UIM" coverage and/or delaying payment on a claim for reasons that are frivolous or unfounded, Defendants have acted with reckless disregard for the interests of the insured.

**EXHIBIT A**

170.    As a result, Defendants failed to provide the quality and or quantity of services contracted by Plaintiff Trejo and for which the New Mexico Supreme Court held that invalid "rejections" must be reformed.

171.    That as a direct and proximate result of Defendants malicious; knowing; wanton; willful and intentional acts, Plaintiff Trejo is entitled to compensatory; incidental; consequential (special) damages; and treble damages or exemplary and punitive damages including but not limited to expenses, attorney's fees and costs; pre and post judgment interest.

## COUNT V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

172.    Plaintiff repeats; re-alleges; and hereby incorporates by reference the allegations contained in Paragraphs 1 through 171 of this complaint as if fully set forth herein.

173.    That Defendants, intentionally inflicted emotional distress upon Plaintiff Trejo by and through its dealings with her as described in this Complaint, especially with regard to: Defendant's unlawful denial of "UM/UIM" coverage; its frivolous or unfounded refusal to pay; Defendant's failure to promptly and adequately investigate Plaintiff's claim; and Defendant's failure to honestly and fairly balance the interests of the insured with that of its own, thereby forcing Plaintiff to have to retain counsel and ultimately file suit in order to be made whole.

174.    As a direct and proximate result of Defendants, malicious; knowing; willful; intentional and wanton conduct, Plaintiff Trejo suffered actual damages and is entitled compensation for such actual damages.

## COUNT VI – FRAUD

175.    Plaintiff repeats; re-alleges; and hereby incorporates by reference the allegations contained in Paragraphs 1 through 174 of this complaint as if fully set forth herein.

# EXHIBIT A

176.   That Defendants, by and through their managers; agents; adjusters; servants; and/or employees, intentionally; maliciously; knowingly; wantonly; willfully; and with reckless disregard, made material misrepresentations denying Plaintiff "UM/UIM" coverage; made material misrepresentations regarding its automobile insurance policy, intending that plaintiff Trejo rely upon its' misrepresentations.

177.   That Plaintiff Trejo in fact did rely upon Defendants misrepresentations all to her great financial detriment.

178.   That Defendants, by and through their agents; adjusters; servants; and/or employees, intentionally; maliciously; knowingly; wantonly; willfully; and with reckless disregard, either knew or should have known the falseness of their representations.

179.   That all of Defendants misrepresentations were malicious, knowing, intentional, and/or made solely for Defendant's great financial benefit and all to the Plaintiff's great financial detriment.

180.   That as a direct and proximate result of Defendants misrepresentations, Plaintiff Trejo has suffered, and will continue to suffer damages.

181.   That as a direct and proximate result of Defendants malicious; knowing; wanton; willful and/or intentional acts, Plaintiff is entitled to compensatory; incidental; consequential (special) damages; and treble damages or exemplary and punitive damages including but not limited to expenses, attorney's fees and costs; pre and post judgment interest.

## COUNT VII – NEGLIGENT MISREPRESENTATION

182.   Plaintiff repeats; re-alleges; and hereby incorporates by reference the allegations contained in Paragraphs 1 through 181 of this complaint as if fully set forth herein.

# EXHIBIT A

183.    That the denial of "UM/UIM" coverage and/or the false statements made by Defendants pertaining to insurance coverage, made by Defendants, by and through its managers; agents; adjusters; claim representatives; and/or employees, was made carelessly and/or negligently.

184.    *That upon information and belief, Defendants planned; directed; and put into operation, the conduct and actions that resulted in the denial of Plaintiff's "UM/UIM" coverage (uninsured and underinsured) motorist claims made by Plaintiff Trejo.*

185.    That Plaintiff brings this claim as an insured, who made a claim to Defendants for personal injuries arising under the provisions of her "UM/UIM" coverage, *whose waiver of "UM/UIM" coverage was void under New Mexico law.*

186.    For either one or all of the following, the alleged "UM/UIM" "rejection" or "waiver" was defective in the following ways:

A.    New Mexico's uninsured motorist statute, 66-5-301 NMSA "requires an insurer to offer "UM/UIM" coverage in an amount equal to the liability limits of the policy and that the choice of the insured to purchase a lower amount functions as a rejection of that maximum amount of coverage statutorily possible;

B.    A rejection of "UM/UIM" coverage equal to the liability limits in an automobile insurance policy must be made in writing and must be made part of the insurance policy that is delivered to the insured;

C.    In order to honor these requirements effectively, insurers must provide the insured with the premium charges corresponding to each available option for "UM/UIM" coverage so that the insured can make a knowing and intelligent decision to receive or reject the full amount of coverage to which the insured is statutorily entitled;

# EXHIBIT A

D.     If an insurer fails to obtain a valid rejection, the policy will therefore be "reformed" to provide "UM/UIM" coverage equal to the limits of liability coverage;

E.     The policies of Insurance for Plaintiff did not contain a valid "rejection" or "waiver" by the insureds;

F.     The defendants knowingly listed "*Offered and Rejected*" on Plaintiff's DEC sheets provided to the insured and his counsel, (indicating that the insured did not have valid "UM/UIM" coverage) knowing that any such "rejection" or "waiver" was invalid or did not comport with the standards enumerated in *Jordan*;

G.     *Defendants then forwarded correspondence indicating that after investigation of Plaintiff's claim, the insured's "UM/UIM" claim would not be honored.*

H.     Following the Supreme Court's Ruling in *Jordan v. Allstate*, the Defendants failed to reform the defective policies.

I.     Despite knowledge of the change in uninsured underinsured motorist law in the State of New Mexico, Defendants continued to inform the Plaintiff that he did not have valid "UM/UIM" coverage, when in fact, he did.

J.     In many instances, Defendants misplaced or lost the insureds entire claims file.

K.     Notwithstanding, 1) Defendants failed to reform coverage so that the "UM/UIM" coverage was equal to the liability limits as required under New Mexico law; and 2) Defendants continued to listed "UM/UIM" coverage as, "*Offered and Rejected*" on DEC sheets provided to the insured, (indicating that the insured did not have valid "UM/UIM" coverage) knowing that any such "rejection" was invalid or did not comport with the standards enumerated in *Jordan*;

# EXHIBIT A

L.      Defendants also continued to forward correspondence that after investigation of the claim, the insured's "UM/UIM" claim would not be honored.

187.    That the acts and failures to act by Defendants, as enumerated above, were negligent.

188.    That as a direct and proximate result of Defendants negligent misrepresentations Plaintiff has suffered and continues to suffer damages.

189.    As a direct and proximate result of Defendants malicious; knowing; wanton; and/or willful acts, Plaintiff is entitled to compensatory; incidental; consequential (special) damages; and treble damages or exemplary and punitive damages including but not limited to expenses, attorney's fees and costs; pre and post judgment interest.

## COUNT VIII – NEGLIGENCE *PER SE*

190.    Plaintiff repeats; re-alleges; and hereby incorporates by reference the allegations contained in Paragraphs 1 through 189 of this complaint as if fully set forth herein.

191.    That Defendants failed to abide by their statutory duties under New Mexico's uninsured motorist statute, NMSA 1978, §66-5-301, and such violations are negligence *per se*.

192.    That Defendants failed to abide by their statutory duties under the New Mexico Insurance Code, NMSA 1978, §59A-16-1, et seq., and such violations are negligence *per se*.

193.    That Defendants failed to abide by their statutory duties under the New Mexico Unfair Trade Practices Act, NMSA 1978, §§57-12-1, *et. seq.* (1984), and such violations are negligence p*er se.*

194.    That the aforementioned laws were enacted for the protection of New Mexico citizens, which include Plaintiff Bates.


# EXHIBIT A

195.    That the harm or injury to Plaintiff Trejo is the type of harm or injury the New Mexico legislature, through statutes and ordinances, sought to prevent.

196.    That Defendants' violation of these statutes constitutes negligence *per se*.

197.    As a direct and proximate result of the negligence *per se* of Defendants, Plaintiff has suffered damages as enumerated herein.

## COUNT IX – UNREASONABLE DELAY

198.    Plaintiff repeats; re-alleges; and hereby incorporates by reference the allegations contained in Paragraphs 1 through 197 of this complaint as if fully set forth herein.

199.    That Collectively, Defendants breached their duty as an insurer to pay without unreasonable delay relative to Plaintiff's "UM/UIM" claims pursued for serious personal injuries and punitive damages.

200.    As a direct and proximate result of Defendants denial of coverage; misrepresentations; and/or unreasonable delay, Plaintiff has suffered damages including but not limited to: Plaintiff's actual damages for pain and suffering; punitive damages, plus all related costs and expenses due to the denial or delay by the Defendants; Plaintiff's attorney's fees costs and expenses incurred in this action; *Exemplary and Punitive Damages in an amount that will deter Defendant(s) and others from such wrongful conduct in the future and punish all Defendant(s) for their behavior as set out in Plaintiff's Complaint*; and pre and post judgment interest.

## COUNT X – NEGLIGENCE

### (Defendants Dale Bro, d/b/a "The Insurance Store" only)

201.    Plaintiff repeats; re-alleges; and hereby incorporates by reference the allegations contained in Paragraphs 1 through 195 of this complaint as if fully set forth herein.

## EXHIBIT A

202.    Plaintiff Trejo has no substantive knowledge of insurance, and was referred to the Insurance Store by her aunt, Elena Servantes. Plaintiff Trejo consulted with Defendant Dale Bro and his employees and at all times relied on his expertise in the insurance industry to recommend and procure full coverage for their vehicles (Altima, Optima and Yukon). Based on information and belief, the subject policy was first procured on October 19, 2011, shortly after Defendant Bro purchased/opened the Insurance Store. The facility was operated by Defendant Bro, his wife and intermittently their son. Plaintiff Trejo made all of her monthly payments for insurance to Defendant Bro and/or his staff, and made other required trips to the Insurance Store to procure insurance identification cards and proof of insurance as Defendants Safeway Insurance Group and Safeway Insurance Company routinely failed to produce those documents. She frequented Defendant Bro's facility, and her contacts with the office were frequent, continuous and systematic.

203.    Defendant Bro was aware of Plaintiff's February 13, 2012 vehicle accident as he spoke to Plaintiff shortly after the accident while she was still wearing a neck brace.

204.    As a licensed insurance agent authorized to sell automobile insurance in the State of New Mexico, Defendant Bro either knew or should have known that pursuant to New Mexico law, all automobile insurance policies sold in the State are required to provide uninsured and underinsured motorist coverage in an amount equal to liability coverage unless an insured makes a knowing, proper and lawful rejection of such coverage, as outlined by the New Mexico Supreme Court in *Jordan*.

205.    Defendant Bro had a duty to (1) ensure Plaintiff Trejo was provided "full coverage" as Plaintiff Trejo had requested, (2) had a duty to advise his client/customer of the substantive terms of the policy he recommended and her rights and obligations under the policy,

**EXHIBIT A**

(3) had a duty to ensure that any coverage limitations were lawful, (4) had a duty to ensure that any purported rejection signed by Plaintiff Trejo was done with a full understanding of the implications of such rejection, (5) had a further duty to ensure that Defendants Safeway Insurance Group and Safeway Insurance Company provided coverage as required by law, (6) had a duty to ensure that Plaintiff's policy was reformed to provide uninsured motorist and underinsured motorist coverage as required by law, (7) and had a further duty to advise Plaintiff of her rights to uninsured motorist and underinsured motorist coverage despite Defendants' denial of such coverage.

206.    That the acts and failures to act by Defendant Dale Bro as enumerated above were negligent.

207.    As a direct and proximate result of the negligence of Defendant Bro, d/b/a "The Insurance Store," Plaintiff has suffered damages as enumerated herein.

208.    That the acts and failures to act by Defendant Bro, d/b/a "The Insurance Store," were unreasonable, reckless, malicious, willful, wanton, oppressive, in bad faith and/or fraudulent, entitling Plaintiff to recover punitive damages in an amount to be determined by the Court at trial.

**WHEREFORE**, Plaintiff Socorro Trejo, demands judgment against all Defendants and requests the following relief:

a.   The amount of Plaintiff's damages including actual; consequential; and special damages resulting from Defendants wrongful acts and/or omissions as stated in each Count of Plaintiff's Complaint, including the entire amount of the claim plus all related costs and expense including but not limited to attorney's fees and costs, due to the breach as described in each Count of

**EXHIBIT A**

Plaintiffs Complaint by Defendants, its agents; adjusters; servants; and/or employees;

b. Past; Present and Future pain and suffering;

c. Future Medical Expenses;

d. Past; Present and Future loss of earning capacity;

e. Lost Wages;

f. Loss of Society;

g. Punitive Damages for each Defendant's reckless conduct;

h. Plaintiff's attorney fees and costs in this action as allowed by law;

i. Exemplary and Punitive Damages in an amount that will deter all Defendants and others from such wrongful conduct in the future and punish them for their behavior as alleged in this Complaint;

j. Treble damages as stated in each count of Plaintiffs Complaint;

k. Pre and post judgment interest; and

l. Such other relief as this Court deems necessary and appropriate.


Respectfully Submitted,

**BLEUS & ASSOCIATES, LLC**

George Anthony Bleus, Esq.
2633 Dakota NE
Albuquerque, NM 87110
(505) 884-9300 Office
(505) 884-9305 Facsimile
*Attorneys for Plaintiff Trejo*


# EXHIBIT A

FILED IN MY OFFICE
DISTRICT COURT CLERK
6/17/2015 3:41:51 PM
James A. Noel
Kristina Archibeque

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT COURT**

| | |
|---|---|
| SOCORRO TREJO | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) **Case No.** |
| SAFEWAY INSURANCE GROUP; | ) |
| SAFEWAY INSURANCE COMPANY; | ) **D-202-CV-2015-05173** |
| ELIZABETH GEORGE; | ) |
| CRAIG MARTIN; DALE BRO, individual | ) |
| and d/b/a THE INSURANCE STORE; | ) |
| and JOHN DOE Adjusters and Agents; | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COURT – ANNEXED ARBITRATION CERTIFICATION

SOCORRO TREJO, by and through counsel, BLEUS & ASSOCIATES, LLC, pursuant to the Second Judicial District Local Rule 2-603 certify as follows:

\_\_\_\_\_ This party seeks **only a money judgment and the amount sought does not exceed** twenty five thousand dollars ($25,000.00) exclusive of punitive damages, interest, costs and attorneys fees.

\_XX\_\_ This party seeks relief **other than a money judgment and/or seeks relief in excess of** twenty five thousand dollars ($25,000.00) exclusive of punitive damages, interest, costs and attorneys fees.

Respectfully Submitted By:

**BLEUS & ASSOCIATES, LLC**

*"Electronically Filed"*

By:   /s/ George A. Bleus
      George Anthony Bleus, Esq.
      Nicholas J. Rimmer, Esq.
      2633 Dakota NE
      Albuquerque, NM 87110
      (505) 884-9300 office
      (505) 884-9305 facsimile
      *Attorneys for Plaintiff*

# EXHIBIT A